11-2085-ag
Perera v. Holder

BIA
Hom, IJ
A099 758 977

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
>     Circuit Judges.

_____

KASTURI ARACHCHIGE JOSEPH GAMI PERERA,
> *Petitioner*,

> v.                      11-2085-ag
>                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:      Visuvanathan Rudrakumaran, New York, New York

FOR RESPONDENT:     Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Kasturi Arachchige Joseph Gami Perera, a native and citizen of Sri Lanka, seeks review of an April 21, 2011, decision of the BIA affirming the October 30, 2008, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kasturi Arachchige Joseph Gami Perera*, No. A099 758 977 (B.I.A. Apr. 21, 2011), *aff'g* No. A099 758 977 (Immig. Ct. N.Y. City Oct. 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The "substantial evidence" standard of review applies, *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006), and "we uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation omitted); *see also* 8 U.S.C. § 1252(b)(4)(B).

2

For asylum applications such as Perera's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on inconsistencies in the applicant's statements, without regard to whether the inconsistencies go "to the heart of the applicant's claim."  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). When an inconsistency is dramatic, the agency may render an adverse credibility finding on its basis without first soliciting an explanation.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).  In this case, substantial evidence supports the agency's adverse credibility determination, based on inconsistencies between Perera's testimony and the record of his Canadian asylum proceedings.

There were several dramatic inconsistencies between Perera's statement to the Canadian Immigration and Refugee Board ("CIRB") and his testimony before the IJ, including for example his omission before the IJ of any mention of an incident occurring in July 2001, when in his statement to the CIRB he indicated that in July 2001 the police raided his house, beat his wife, and threatened him.  Because "[a]n inconsistency and an omission are . . . functionally

3

equivalent," the agency properly relied upon Perera's omissions in finding Perera not credible. *Xiu Xia Lin*, 534 F.3d at 166*; see also* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi*, 430 F.3d at 81. We therefore defer to that finding. Because the only evidence of a threat to Perera's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006)*; Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005)

For the foregoing reasons, the petition for review is DENIED. Petitioner's pending request for oral argument is also DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4