18-2620
Perera v. Wilkinson

BIA
A099 758 977

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-one.

PRESENT:
>        AMALYA L. KEARSE,
>        PIERRE N. LEVAL,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

KASTURI ARACHCHIGE JOSEPH GAMI PERERA,
>        *Petitioner,*

>        v.                                          18-2620

MONTY WILKINSON, ACTING UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*[1]

_____

_____

1 Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Monty Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

**FOR PETITIONER:**    VISUVANATHAN RUDRAKUMARAN, ESQ., New York, NY.

**FOR RESPONDENT:**    R. TRENT MCCOTTER, Deputy Associate Attorney General (Joseph H. Hunt, Assistant Attorney General, Margot L. Carter, Senior Litigation Counsel, Aaron D. Nelson, Trial Attorney, *on the brief*), United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kasturi Arachchige Joseph Gami Perera, a native and citizen of Sri Lanka, seeks review of a 2018 decision of the BIA denying his motion to reopen his removal proceedings. *In re Perera*, No. A 099 758 977 (B.I.A. Aug. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to deny the petition for review.

We review the BIA's denial of a motion to reopen for abuse of discretion and its country conditions determination for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546

2

F.3d 138, 168–69 (2d Cir. 2008). Generally, an alien seeking to reopen may file one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Perera's 2018 motion to reopen was untimely because it was filed more than six years after his 2011 final removal order. The 90-day time limitation is not applicable, however, where the movant seeks permission to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007).

Upon review, we hold that the agency erred in concluding that the conditions facing unsuccessful asylum seekers returning to Sri Lanka (in general, those with perceived ties to the group, the Liberation Tigers of Tamil Ealam ("LTTE")) did not change in the time between Perera's original 2008 asylum hearing and his 2018 motion to reopen. Nevertheless, we deny the petition for review in light of our conclusion that remanding the matter to the agency for Perera to file a successive asylum application would be futile. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006)(Remand is not required where it "would be futile"). The record demonstrates that Perera is unlikely to face persecution as a returned asylum seeker in Sri Lanka.

Perera adduced sufficient evidence that country conditions in Sri Lanka changed between 2008 and 2018. Most notably, the multi-decade civil war, fought between the LTTE (which sought to establish an independent state for the Tamil minority of Sri Lanka) and the government (which is controlled by the country's Sinhalese ethnic majority group), ended in 2009. *See* Certified Administrative Record at 368, 691, 702, 767-68. The nature of persecution facing returning asylum

4

seekers has in turn changed.

Specifically, Perera adduced evidence that incidents of detention, torture, and even killing of returning asylum seekers escalated in the post-war period — after the 2008 hearing. *See id.* at 350, 356, 360, 368, 373 (describing that groups of asylum seekers were detained immediately upon entry at the Sri Lankan border in 2010, 2012, and 2017). Indeed, these incidents appear to have been more systematically carried out than the two isolated examples in 2003 and 2006, cited in the record. *See id.* at 280, 392 (describing two incidents in which a returning Tamil individual was detained upon entry and then tortured or killed).

Furthermore, assessing an asylum application based on such persecution requires that attention be paid to the nuances of the post-war regime and to the particular returning asylum seekers that the regime is targeting. For example, Perera's evidence shows that the government has largely targeted returning Tamil individuals who the government suspects have ties to the LTTE. *See id.* at 368, 373. The situation in Sri Lanka facing these asylum seekers has also fluctuated overtime. Although the government claimed at one

5

point that returning Tamil asylum seekers faced no repercussions, human rights groups, the United Nations, and the press have documented significant examples to the contrary. *See id.* at 345, 347, 367–69, 373. Perera could not have adduced evidence of these conditions in 2008, because this post-war reality did not yet exist.

We nevertheless deny the petition for review because remanding to allow Perera to file a successive asylum application would be futile. All of the evidence that Perera submits shows that the danger to returning asylum seekers lies at the Sri Lankan border, where such individuals may be detained immediately upon or shortly after entering the country and then held indefinitely, tortured, or even killed. *See id.* at 350, 356, 360, 368, 373. By contrast, Perera's counsel admitted at oral argument that Perera was permitted to enter Sri Lanka after his deportation from the United States in 2018, and he has continued to live there without any reported incident.

Furthermore, unlike the Tamil asylum seekers who, the record shows, are the main target of the Sri Lankan government, Perera is part of the majority ethnic group, the

6

Sinhalese. Certainly, some Sinhalese have also faced persecution by the government, usually for suspected ties to the LTTE. *See id.* at 350, 356. But in Perera's prior asylum proceedings, we concluded that these were not his circumstances. He could not credibly show that the government targeted him for any purported ties to the LTTE or any other reason. *See In re Kasturi Arachchige Joseph Gami Perera*, No. A099 758 977 (Immig. Ct. N.Y. City Oct. 30, 2008), *aff'd* No. A099 758 977 (B.I.A. Apr. 21, 2011), *aff'd Perera v. Holder*, 491 F. App'x 239 (2d Cir. 2012) ("[T]he respondent is unable to demonstrate that there is a particular interest in him by . . . the police or the government of Sri Lanka," as a result of his wife's family's alleged sympathies for the LTTE or otherwise). Indeed, in our 2012 review, we upheld an immigration judge's adverse determination of Perera's credibility with respect to his accounts of persecution, given "dramatic inconsistences" in the testimony he gave to U.S. and Canadian asylum authorities, respectively. *See Perera*, 491 F. App'x at 240.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court